## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

REGINALD LEON THOMAS,

     Plaintiff,

v.                                    Case No. 8:08-CV-662-30EAJ

CORPORAL ROBINSON, et al.,

     Defendants.

_____/

## ORDER

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 asserting that while he was incarcerated at Pasco County Jail (hereafter "PCJ"), Defendants were deliberately indifferent to his serious medical needs (Dkt. 1). Plaintiff names four Defendants in this action: Corporal Robinson, Nurse Bjiue, Officer Mobley, and the Medical Department at PCJ. Plaintiff seeks nominal, compensatory and punitive damages.

### Background

According to Plaintiff, on July 7, 2005, he slipped on a wet floor at PCJ.  Apparently, he was rendered unconscious, and when he awoke a deputy was standing over him and told him not to move.  The deputy radioed for help.  Defendant Robinson arrived and asked what had happened to Plaintiff, and the deputy told him what happened.  Defendant Robinson then attempted to lift Plaintiff off the floor, and Plaintiff told Defendant Robinson that he was

hurting him "really, really bad." However, Defendant Robinson continued to pull on Plaintiff, and then he dropped Plaintiff back onto the floor.

Defendant Robinson then ordered another inmate, Richard Severns, to try to help him lift Plaintiff. When they lifted Plaintiff, it caused Plaintiff considerable pain. Two other inmates who were watching told Defendant Robinson and Inmate Severns to stop lifting Plaintiff because they were hurting Plaintiff. Defendant Robinson and Inmate Severns lifted Plaintiff and threw him into a wheelchair. While they were lifting and moving Plaintiff, Nurse Bjiue just stood and watched.

Then, Defendant Robinson pushed Plaintiff in the wheelchair to the medical department. Defendant Robinson and Defendant Mobley then pulled Plaintiff out of the wheelchair which caused Plaintiff considerable pain. Plaintiff claims that as a result of Defendants' actions, he suffered permanent neck and back injuries.

### Standard of Review

Because Plaintiff filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

2

28 U.S.C. § 1915A(a) and (b)(1) & (2).  Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If either element is missing, the claim fails.  In addition, to assert a viable claim for liability under 42 U.S.C. § 1983, Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation.  *See Swint v. City of Wadley, Alabama*, 51 F.3d 988 (11th Cir.

3

1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d at 1541 n.1.

## Discussion

The crux of Plaintiff's Eighth Amendment claim is his allegation that Defendants were deliberately indifferent to his serious medical needs.  A prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

> To show an objectively serious deprivation, it is necessary to demonstrate, first, an objectively "serious medical need [ ]," *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291, one that, if left unattended, "pos[es] a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994), and second, that the response made by public officials to that need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidental inadequacy, "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law, *Estelle*, 429 U.S. at 105-06, 97 S.Ct. at 290-92 (internal quotation marks omitted).  Similarly, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of "deliberate indifference," *Estelle*, 429 U.S. at 105, 97 S.Ct. at 291, which is in turn defined as requiring two separate things: "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists [ ] and . . . draw[ing of] the inference," *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. Ultimately, there are thus four requirements:  an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts.

*Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (footnotes omitted), *cert. denied*, 531 U.S. 1077 (2001).

4

Thus, in order to show a sufficiently serious deprivation made with the subjective intent to punish, a plaintiff must prove that a defendant had "knowledge of a serious medical risk and a disregard of that risk by conduct that is more than mere negligence." *Flowers v. Bennett*, 135 F.Supp.2d 1150, 1154 (N.D. Ala. 2000) (citations omitted).

Plaintiff contends that Defendant Robinson exhibited deliberate indifference to his pain and serious injuries when he attempted to lift Plaintiff off of the floor after Plaintiff had slipped and fallen, when he dropped Plaintiff back down on the floor, and when he had another inmate help him lift Plaintiff off of the floor and put him in a wheelchair after Plaintiff told him that Plaintiff was experiencing considerable pain when being moved. Plaintiff also contends that Nurse Bjiue was deliberately indifferent because she observed Defendant Robinson's actions, yet did nothing. Finally, Plaintiff claims Defendant Mobley was deliberately indifferent when he helped Defendant Robinson remove Plaintiff from the wheelchair while in the medical department, and thereby caused Plaintiff pain. Although it remains to be seen whether Plaintiff will be able to prove that his injury was a serious medical need or that Defendants Robinson and Bjiue knew that Plaintiff had a serious injury and knew that moving him posed a substantial risk of serious harm to Plaintiff, at this state of the proceedings Plaintiff has alleged enough to state a claim. Accordingly, Plaintiff may proceed on his claim that Defendants Robinson and Bjiue violated his Eighth Amendment rights.

However, Plaintiff has not stated a claim against the remaining Defendants. The medical department at PCJ is not a proper defendant because it is not a "person" that may be

5

sued for money damages under Section 1983. Moreover, Plaintiff fails to allege facts showing how the medical department at PCJ was deliberately indifferent to his serious medical needs. Likewise, Plaintiff does not state a claim against Defendant Mobley. Plaintiff merely alleges that while in the medical department, Defendant Robinson told Defendant Mobely to help him take Plaintiff out of the wheelchair, and when they took Plaintiff out of the wheelchair it caused him significant pain. Plaintiff fails to allege facts which show that Defendant Mobely was aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed when Defendant Mobely removed Plaintiff from the wheelchair, and that Defendant Mobely drew that inference. *See Farmer*, 511 U.S. at 837.

ACCORDINGLY, the Court **ORDERS** that:

1.    Defendants Medical Department and Mobely are **DISMISSED** from this lawsuit.

2.    This case will proceed against Defendants Robinson and Bjiue.

3.    Plaintiff must complete the enclosed forms:

**A. Notice of Lawsuit and Request for Waiver of Service of Summons**

Plaintiff shall complete blanks A-F on the Notice of Lawsuit and Request for Waiver of Service of Summons Form. Plaintiff shall write the <u>NAME AND ADDRESS</u> of the Defendant to whom the notice is to be sent in Blank A. <u>THE FORM WILL BE RETURNED IF PLAINTIFF DOES NOT FILL IN THE ADDRESS IN BLANK A.</u> Plaintiff should write in "30" in Blank F. <u>PLAINTIFF MUST SIGN THE NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS FORM.</u> Plaintiff **should not** fill in the date in the

line that reads: "I affirm that this request is being sent to you on behalf of the plaintiff, this ____ day of_____."

### B. Waiver of Service of Summons

Plaintiff shall write his name in the top blank of the form. Plaintiff also shall complete the next four lines of the form: in the space marked "caption of action," Plaintiff should fill in the names of the parties as shown on the first page of this order (_ _ v. ____).  Plaintiff should <u>not</u> fill in the line marked "date request was sent" or any of the following lines on the form.

### C. Summons and Marshal's Forms (Form 285)

Plaintiff is required to fill in the name(s) and address(es) of Defendant(s) in the appropriate spaces on the summons and marshal's form. Plaintiff shall fill in "20" as the number of days allowed to answer. <u>PLAINTIFF MUST SIGN THE 285 FORM.</u>

Plaintiff must then mail the completed forms and one copy of the complaint for each defendant to the Clerk's Office. The completed forms and the copy of the complaint must be returned to the Clerk's Office within **TWENTY (20) DAYS**[1] of the date of this Order. Failure to return the completed forms and copy of the complaint within this time period will result in dismissal of the case for failure to prosecute, without further notice.  Plaintiff's failure to provide the Court with properly completed documents necessary to effect service will render the Court unable to meet its responsibility pursuant to 28 U.S.C. § 1915(d) regarding service of process.

---

[1]Plaintiff is cautioned that pursuant to Fed. R. Civ. P. 4(m), failure to perfect service within 120 days after the filing of the complaint without a showing of good cause for the delay may result in dismissal of the claims against the unserved defendant(s).

4.      Plaintiff shall advise the Court of any change of address.  Failure to do so will result in the case being dismissed for failure to prosecute.

5.      The **Clerk of the Court** shall forward two sets of the Notice of Lawsuit and Request for Waiver of Service of Summons, Waiver of Service of Summons, and Summons and Marshal's Forms (Form 285) to Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida on June 13, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

8