UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD LEON THOMAS,

    Plaintiff,

v.                                              Case No. 8:08-CV-662-30EAJ

CORPORAL ROBINSON, et al.,

    Defendants.
_____/

## ORDER

Plaintiff has completed and returned the service of process documents as ordered (Dkt. 7). The United States Marshal shall proceed with service of process.

ACCORDINGLY, the Court **ORDERS** that:

1. The United States Marshal shall mail one copy of the Civil Rights Complaint, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, and one copy of this order to Defendants within **THIRTY (30) DAYS** of this order. **The Marshal shall fill in the date of mailing in the blanks at the end of the Notice of Lawsuit and Request for Waiver of Service of Summons that reads: "I affirm that this request is being sent to you on behalf of the plaintiff, this \_\_\_\_ day of _____."** The Marshal shall send Defendants a stamped, self-addressed envelope for returning the Waiver of Service of Summons to the Court. All costs of mailing shall be advanced by the United States. The Marshal shall send a copy of

the <u>Notice of Lawsuit and Request for Waiver of Service of Summons</u> form to the Clerk's Office so that the Clerk's Office will have a record of the date it was sent.

 2. Defendants shall have **THIRTY (30) DAYS** from the date that the Waiver of Service of Summons was sent to return it, if they choose to do so. If Defendants choose to return the Waiver of Service of Summons, they should use the addressed, stamped envelope provided.

 3. If Defendants return the Waiver of Service of Summons, Defendants shall have **SIXTY (60) DAYS** from the date that the Waiver of Service of Summons was sent in which to answer or otherwise respond to the complaint.

 4. If Defendants do not return the Waiver of Service of Summons, the Marshal is directed to personally serve Defendants and charge Defendants for the costs of service. If personally served Defendants shall have **TWENTY (20) DAYS** from the date of service of process in which to answer or otherwise respond to the complaint.[1]

 5. Before counsel has appeared for Defendants, Plaintiff shall send to Defendants a copy of every further pleading, motion, or other paper submitted to be filed in this case and

---

[1] The Prison Litigation Reform Act of 1995, Title VIII, Section 803, Suits by Prisoners, provides, in pertinent part:

> (g) WAIVER OF REPLY. (1) Any defendant may waive the right to reply to any action brought by a prisoner in any jail, prison, or other correctional facility under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
> (2) The court may require any defendant to reply to such a complaint if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.
>
> Pursuant to Section 803(g)(2), Defendants are required to file a reply in this case.

to be considered by the Court. After counsel has appeared for Defendants, the copies shall be sent directly to counsel for Defendants, rather than to Defendants personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants.

6. If any pleading, motion, or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Defendants or counsel for Defendants, it will be stricken by the Court.

7. Plaintiff shall immediately advise the Court of any change of address by filing a document entitled "Notice of Change of Address." This notice shall contain <u>only</u> information pertaining to the address change and the effective date of the change. Plaintiff must file a <u>separate</u> notice in each case that he has pending before the Court. Failure to inform the Court of an address change may result in the <u>dismissal</u> of this case, without further notice. Plaintiff is reminded that he also must keep Defendants informed of his current address by sending Defendants a copy of the "Notice of Change of Address" in accordance with section 5 of this order.

8. Plaintiff should not correspond with the court in letter form. Plaintiff should file a pleading or motion with a title, which must be a brief summary of the contents of the pleading or motion. For example, if Plaintiff is requesting access to the prison law library, the title of the motion should be "Motion for Access to the Law Library." As a matter of course, the court will not respond to Plaintiff's letters.

9. Plaintiff shall not attempt to correspond directly with a judge or magistrate judge. Judges will not, as a matter of policy, respond to personal correspondence pertaining to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, judges' decisions and opinions are, quite properly, only delivered in response to legal instruments filed with the clerk's office in accordance with governing rules of procedure. The court will strike and return any correspondence addressed directly to a judge or magistrate judge.

10. If Defendants file a motion to dismiss the complaint, Plaintiff has **TWENTY (20) DAYS** to file his response to the motion to dismiss. Plaintiff is advised out of an abundance of caution[2] that the granting of a motion to dismiss results in the dismissal of the defendant filing the motion to dismiss.

11. If Defendants file a motion for summary judgment, Plaintiff has **TWENTY (20) DAYS** to file his response to the motion for summary judgment. Before preparing a response, Plaintiff should review the provisions of Rule 56, Fed. R. Civ. P.

When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter the motion. Pursuant to Rule 56, Fed. R. Civ. P., the party opposing the motion must respond with sworn affidavits or documents specifically alleging facts that show there is a genuine issue of material fact in dispute. If the opposing party fails to respond to

---

[2]See *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States*, 734 F.2d 762 (11th Cir. 1984), expressing concern about pro se litigants in summary judgment cases.

the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the court may declare that the facts in the affidavits or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion are entitled to have the motion granted and final judgment entered in their favor based upon the pleadings, depositions, answers to interrogatories, and answers to admissions filed with the affidavits.

If Plaintiff does not file a response to the motion to dismiss or motion for summary judgment within **TWENTY (20) DAYS**, the court may decide the motion without further notice.

**DONE** and **ORDERED** in Tampa, Florida on July 14, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
U. S. Marshal
Plaintiff *pro se*

5