UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD LEON THOMAS,

    Plaintiff,

v.                                                      Case No. 8:08-CV-662-T-30EAJ

CORPORAL ROBINSON, et al.,

    Defendants.
_____/

## __ORDER__

Before the Court is Defendants' Motion to Dismiss for Insufficiency of Process, or, in the Alternative, for Clarification (Dkt. 16).

### Background

Plaintiff filed a civil rights complaint on April 7, 2008 (Dkt. 1). On June 13, 2008, the Court dismissed all of Plaintiff's claims in his complaint except his claims against Defendants Corporal Robinson and Nurse Bjiue (Dkt. 7). The Court ordered Plaintiff to execute waiver of service of process forms for the remaining two defendants (Id.).

Plaintiff completed the waiver forms, and on July 14, 2008, the Court ordered the U.S. Marshal to mail the waiver forms to the remaining defendants (Dkt. 10). On July 30, 2008, the waiver of service forms sent to Defendant Robinson were returned unexecuted, and the envelope indicated that there was nobody there by that name (Dkt. 11). The Court's docket indicates that "return of service executed on 7/18/08 as to FNU Bjiue." (Dkt. 15). Counsel for defendants, however, asserts that the return of service form only indicates that the waiver of service form was accepted by someone at the jail (Dkt. 16 at 2).

**Defendants' motion**

Counsel for defendants asserts that "Defendant Robinson does not exist and has not been served." (Id. at 3). Counsel also states that "Defendant Bjiue may be Biju Varghese, a former nurse who worked at the jail but left the jail in 2005 and whose whereabouts are unknown." (Id.). Counsel moves the Court to dismiss this action for insufficiency of process or, in the alternative, to clarify the status of process as to the two defendants (Id.).

**Discussion**

Initially, the Court notes that it is apparent that service of process has not been effectuated on defendants. Even though the Court must assist *pro se* litigants proceeding *in forma pauperis* with service of process, the Court cannot meet this duty when a plaintiff fails to provide the Court with a valid name or address for a defendant. *See* 28 U.S.C. § 1915 (d); *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). However, "*in forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler*, 899 F.2d at 1095.

Therefore, the Court will grant Plaintiff one last opportunity to provide the Court with sufficient information, including the first and last names and current addresses of defendants, to effectuate service of process on defendants. *See, e.g., Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)(a court has broad remedial power to ensure proper service is accomplished once an *in forma pauperis* prisoner plaintiff has taken reasonable steps to identify the defendants named in the complaint).

ACCORDINGLY, the Court **ORDERS** that:

1. Defendants' Motion to Dismiss for Insufficiency of Process, or, in the Alternative, for Clarification (Dkt. 16) is **DENIED** without prejudice.

2. The **Clerk of the Court** shall forward two sets of the Summons and Marshal's Forms (Form 285) to Plaintiff.

3. Plaintiff is required to fill in the names (first and last) and addresses of Defendants in the appropriate spaces on the summons and marshal's form. Plaintiff shall fill in "20" as the number of days allowed to answer. PLAINTIFF MUST SIGN THE 285 FORM. Plaintiff must then mail the completed forms and a copy of the complaint for each defendant to the Clerk's Office. The completed forms and the copies of the complaint must be returned to the Clerk's Office within **TWENTY (20) DAYS** of the date of this Order. Failure to return the completed forms and copies of the complaint within this time period will result in dismissal of the case for failure to prosecute, without further notice. Plaintiff's failure to provide the Court with properly completed documents sufficient to effect service on defendants will render the Court unable to meet its responsibility pursuant to 28 U.S.C. § 1915(d) regarding service of process, and the action will be dismissed without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on November 25, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Plaintiff *pro se*
Counsel of Record